[Cite as *State v. Moore*, 2020-Ohio-342.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| GREGORY A. MOORE | : | Case No. CT2019-0030 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Court of Common
Pleas, Case No. CR2018-0755


JUDGMENT:    Affirmed


DATE OF JUDGMENT:    January 30, 2020


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

TAYLOR P. BENNINGTON                JAMES A. ANZELMO
27 North Fifth Street                        446 Howland Drive
P.O. Box 189                                    Gahanna, OH  43230
Zanesville, OH  43701

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant, Gregory A. Moore, appeals his March 26, 2019 conviction in the Court of Common Pleas of Richland County, Ohio.  Plaintiff-Appellee is state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶ 2}   On December 19, 2018, the Muskingum County Grand Jury indicted appellant on one count of domestic violence with a prior offense in violation of R.C. 2919.25(A).  Said charge arose from an incident involving appellant and his girlfriend.

{¶ 3}   A jury trial commenced on February 26, 2019.  The jury found appellant guilty of the charge.  By entry filed March 26, 2019, the trial court sentenced appellant to seventeen months in prison.

{¶ 4}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶ 5}   "THE TRIAL COURT IMPROPERLY REQUIRED MOORE TO PROVE SELF-DEFENSE, IN VIOLATION OF THE SECOND, FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITES STATES CONSTITUTION."

II

{¶ 6}   "MOORE'S CONVICTION IS BASED ON INSUFFICIENT EVIDENCE, IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTIONS 10 & 16, ARTICLE I OF THE OHIO CONSTITUTION."

III

{¶ 7}   "MOORE'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTIONS 10 & 16, ARTICLE I OF THE OHIO CONSTITUTION."

I

{¶ 8}   In his first assignment of error, appellant claims the trial court improperly required him to prove self-defense.  We disagree.

{¶ 9}   In support of his argument, appellant cites the new version of R.C. 2901.05 which does not shift to a defendant the burden of proving self-defense.  Now, it is the state's burden to "prove beyond a reasonable doubt that the accused person did not use the force in self-defense, defense of another, or defense of that person's residence, as the case may be."  R.C. 2901.05(B)(1).  The new version took effect on March 28, 2019, after appellant's conviction and sentence.

{¶ 10} "A statute is presumed to be prospective in its operation unless expressly made retrospective."  R.C. 1.48.  *See Van Fossen v. Babcock Wilcox Co.,* 36 Ohio St.3d 100, 105, 522 N.E.2d 489 (1988).  The statute does not state that the new version is to be applied retroactively.

{¶ 11} In *State v. Koch,* 2d Dist. Montgomery No. 28000, 2019-Ohio-4099, our colleagues from Second District analyzed whether R.C. 2901.05 was to be applied retroactively, and concluded it was not.

{¶ 12} Upon review, we find the trial court did not improperly require appellant to prove self-defense.

{¶ 13} Assignment of Error I is denied.

II, III

{¶ 14} In his second and third assignments of error, appellant claims his conviction was against the sufficiency and manifest weight of the evidence. We disagree.

{¶ 15} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

{¶ 16} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin,* 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). See also, *State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997). The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

{¶ 17} Appellant was convicted on one count of domestic violence with a prior offense in violation of R.C. 2919.25(A) which states: "No person shall knowingly cause or

attempt to cause physical harm to a family or household member." Under R.C. 2919.25(F)(1)(a)(i), a "family or household member" includes "[a]ny of the following who is residing or has resided with the offender: [a] spouse, a person living as a spouse, or a former spouse of the offender." " 'Person living as a spouse' means a person who is living or has lived with the offender in a common law marital relationship, who otherwise is cohabiting with the offender, or who otherwise has cohabited with the offender within five years prior to the date of the alleged commission of the act in question." R.C. 2919.25(F)(2).

{¶ 18} The responding officer, Muskingum County Sheriff's Deputy Ryan Patterson, testified he first made contact with appellant and did not observe any injuries to his person. T. at 170. Deputy Patterson then spoke with the complaining witness, appellant's girlfriend. She was crying, physically upset, and shaking. T. at 171. She stated appellant had struck her in the head and she fled to the neighbor's house. *Id.* Deputy Patterson observed a large goose egg/knot on the left side of her forehead. T. at 172-174. Photographs of the complaining witness taken by Deputy Patterson during the investigation support this observation. T. at 174; State's Exhibits 2-4. She told Deputy Patterson she lived with appellant off and on, and she did not want to press charges. T. at 172, 175-176. Deputy Patterson testified it was common for domestic violence victims to not want to press charges. T. at 175.

{¶ 19} Deputy Donnie Yester, Jr. testified he went over a domestic violence worksheet and a uniform statement with the complaining witness and she signed both forms. T. at 193, 195-196; State's Exhibits 5 and 6. He stated she was crying, shaking, and nervous, and she told him she was scared and nervous of appellant. T. at 197.

Deputy Yester also observed a large bump on the left side of her forehead.  T. at 198; State's Exhibits 2-4.

{¶ 20} The complaining witness testified she and appellant lived together on and off for seven years.  T. at 209, 224.  They had a sexual relationship and shared household expenses and duties.  *Id.*  On the day of the incident, they were living together again and they went to a McDonalds and argued because the complaining witness "was sick and I didn't feel well and I didn't want to eat."  T. at 210-211.  She was "dope sick."  T. at 212.  After they returned to their home, she asked appellant for $20 so she could go buy heroin to "get myself feeling better."  T. at 213.  Appellant told her she needed hit, she said "then hit me," and he hit her multiple times with his fist in the nose, eye, forehead, and top of the head.  T. at 216-217.  She did not expect appellant to hit her.  T. at 216.  Eventually she was able to flee to the neighbor's house.  T. at 218.  She testified the next day, she had a huge black eye, the knot on her forehead, and had bruises across her head.  T. at 223.  She stated she told the deputies she did not want to press charges because she was scared of retaliation.  T. at 221.

{¶ 21} Appellant testified he and the complaining witness had an approximate three year relationship and he had evicted her from his home in June 2018.  T. at 236-238.  He denied that they shared household expenses and duties, but agreed they had a sexual relationship.  T. at 236-237, 248, 249-250.  Appellant stated on the day of the incident, December 15, 2018, the complaining witness was at his home and started "tearing" things up.  T. at 239.  She wanted money and a ride to go buy heroin.  *Id.*  Appellant complied.  *Id.*  Once they arrived at an apartment, the person she was to meet was not there and she refused to get out of appellant's car.  T. at 239-240.  Appellant told

her he was going to take her to the Sheriff's Office. T. at 240. As he started to drive, the complaining witness grabbed the steering wheel and jerked. T. at 240, 254-255. Appellant regained control of the steering wheel and she then grabbed his left arm. T. at 240, 255. Appellant jerked his arm away, striking her in the head. T. at 240, 255. He denied punching her. T. at 255-256. Appellant claimed self-defense. T. at 244, 255.

{¶ 22} We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. Jamison,* 49 Ohio St.3d 182, 552 N.E.2d 180 (1990). The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 674 N.E.2d 1159 (1997).

{¶ 23} Evidence was presented that the two cohabitated together and the complaining witness sustained physical harm. Whose version of the incident to believe was up to the jury.

{¶ 24} Upon review, based on the testimony and exhibits presented, we find sufficient evidence, if believed, to support the jury's verdict. We do not find any manifest miscarriage of justice.

{¶ 25} Assignments of Error II and III are denied.

{¶ 26} The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.

By Wise, Earle, J.

Wise, John, P.J. and

Delaney, J. concur.

EEW/db