[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Brooks*, Slip Opinion No. 2022-Ohio-2478.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-2478

THE STATE OF OHIO, APPELLEE, *v.* BROOKS, APPELLANT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Brooks*, Slip Opinion No. 2022-Ohio-2478.]**

*Criminal law—R.C. 2901.05—2018 Am.Sub.H.B. No. 228 ("H.B. 228") must be applied to all pending and new trials that occur on or after its effective date, March 28, 2019, irrespective of when the underlying alleged criminal conduct occurred—Court of appeals' judgment reversed and cause remanded.*

(Nos. 2020-1189 and 2020-1250—Submitted September 21, 2021—Decided July 21, 2022.)

APPEAL from and CERTIFIED by the Court of Appeals for Richland County, No. 2019 CA 0104, 2020-Ohio-4123.

_____

**BRUNNER, J.**

## I. INTRODUCTION

{¶ 1} This case is before us as a discretionary appeal from a judgment of the Fifth District Court of Appeals and as a certified conflict between that judgment, *State v. Brooks*, 2020-Ohio-4123, 157 N.E.3d 387 (5th Dist.), and a judgment from the Twelfth District Court of Appeals, *State v. Gloff*, 2020-Ohio-3143, 155 N.E.3d 42 (12th Dist.). The discretionary appeal asks us to consider the following proposition of law:

> 2018 H.B. 228, which shifted the burden of proof on self-defense to the prosecution, applies to all trials held after the effective date of the act, regardless of when the alleged offenses occurred.

We also consider the following certified-conflict question:

> Does legislation that shifts the burden of proof on self-defense to the prosecution (2018 H.B. 228, eff. March 28, 2019) apply to all subsequent trials even when the alleged offenses occurred prior to the effective date of the act?

5th Dist. Richland No. 19CA104, at 4 (Oct. 8, 2020).

{¶ 2} We answer the certified-conflict question in the affirmative, and we hold that 2018 Am.Sub.H.B. No. 228 ("H.B. 228") must be applied to all pending and new trials that occur on or after its effective date. Further, we hold that this application violates neither Ohio's Retroactivity Clause nor the United States Constitution's Ex Post Facto Clause. Accordingly, H.B. 228 applies to all trials conducted on or after its effective date of March 28, 2019, irrespective of when the underlying alleged criminal conduct occurred.

## II. FACTS AND PROCEDURAL HISTORY

{¶ 3} On September 20, 2018, appellant, Ladasia Brooks, was indicted for aggravated burglary, burglary, possessing criminal tools, assault, domestic violence, and criminal damaging for allegedly entering her ex-boyfriend's house, attacking him and a woman who was sleeping in his bed, and causing some property damage during the altercation. Brooks proceeded to a jury trial in October 2019.

{¶ 4} Daniel Myers, Brooks's ex-boyfriend (with whom she had a child), testified that on June 5, 2018, he was sleeping in his bed at his mom's house when he woke up to find Brooks standing in his bedroom. Stephanie Price was in bed with Myers. Myers and Price testified that Brooks immediately attacked Price. Brooks struck Price in the head and pulled her hair. When Myers attempted to break up the fight, Brooks attacked him and bit his ear (which resulted in an injury that required medical treatment). Myers's stepfather heard the commotion, entered the room with a baseball bat, and attempted to pull Brooks away from Price. According to Myers and his mother, Brooks had been told that she was not allowed to be in the house.

{¶ 5} Brooks described the altercation somewhat differently. She testified that she had had Myers's permission to be in the house to retrieve money to pay for their daughter's birthday celebration. She testified that when she saw Myers and Price in bed together and said Myers's name, Myers "popped up," jumped out of bed, grabbed her by her arms, and the two of them "tussle[d]." In the struggle, they fell on the bed—Myers was on top of Brooks—and he bit her arm. Because Brooks wanted Myers to get off her and because Myers had Brooks's hands pinned, she bit him on the ear. Brooks also testified that Myers's stepfather "beat" her leg with a baseball bat. Brooks presented pictures of her injuries at trial. Those pictures show some minor bruising and some cuts that possibly constitute a bite mark on her right hand.

**{¶ 6}** At the close of the state's case, it dismissed the possession-of-criminal-tools charge. Before closing arguments, the trial court discussed the jury instructions with counsel. The trial court acknowledged that Ohio's self-defense statute, R.C. 2901.05, had been amended between the date that the alleged offenses occurred and the date of the trial. And according to those amendments, self-defense was no longer an affirmative defense. The General Assembly had shifted the burden from the defendant to the state to prove beyond a reasonable doubt that the accused did not use force in self-defense. After discussing the issue with counsel, the trial court decided to use the version of R.C. 2901.05 that was in effect at the time the alleged offenses occurred. It then instructed the jury that Brooks bore the burden of proving self-defense by a preponderance of the evidence.

**{¶ 7}** The jury convicted Brooks of all the remaining counts—aggravated burglary, burglary, assault, domestic violence, and criminal damaging. The trial court then sentenced her to an aggregate prison term of seven years.

**{¶ 8}** On appeal, among other assignments of error that are not relevant here, Brooks argued that she was deprived of a fair trial when the trial court required her to bear the burden of proving that she had acted in self-defense. 2020-Ohio-4123, 157 N.E.3d 387, ¶ 22. The Fifth District Court of Appeals overruled that assignment of error and concluded that the trial court did not err in using the version of R.C. 2901.05 that was in effect at the time that the offenses had occurred. *Id*. at ¶ 31-43. The Fifth District explained that the trial court had properly instructed the jury because the burden-shifting changes to R.C. 2901.05 did not apply retroactively. *Id*.

### III. DISCUSSION

**{¶ 9}** The Ohio Constitution provides that the "general assembly shall have no power to pass retroactive laws." Ohio Constitution, Article II, Section 28. And the Revised Code provides that a "statute is presumed to be prospective in its operation unless expressly made retrospective." R.C. 1.48.

4

**{¶ 10}** A statute may not be applied retroactively unless the General Assembly expressly makes it retroactive. *Hyle v. Porter*, 117 Ohio St.3d 165, 2008-Ohio-542, 882 N.E.2d 899, ¶ 9.  Generally, when the legislature has made a statute expressly retroactive, the determination whether that statute is unconstitutionally retroactive in violation of the Ohio Constitution depends on whether it is "remedial" or "substantive"—if the law is "remedial," then its retroactive application is constitutional; if the law is substantive, then its retroactive application is unconstitutional. *Van Fossen v. Babcock & Wilcox Co.*, 36 Ohio St.3d 100, 106-108, 522 N.E.2d 489 (1988), *superseded by statute on other grounds as stated in Hannah v. Dayton Power & Light Co.*, 82 Ohio St.3d 482, 484, 696 N.E.2d 1044 (1998).  Laws relating to procedures—rules of practice, courses of procedure, and methods of review—are ordinarily remedial in nature. *Id.* at 108, citing *Wellston Iron Furnace Co. v. Rinehart*, 108 Ohio St. 117, 140 N.E. 623 (1923), paragraph one of the syllabus, and *In re Nevius*, 174 Ohio St. 560, 564, 191 N.E.2d 166 (1963).  But laws affecting rights, which may be protected by procedure, are substantive in nature. *Id.*, citing *Weil v. Taxicabs of Cincinnati, Inc.*, 139 Ohio St. 198, 203, 39 N.E.2d 148 (1942).

**{¶ 11}** Additionally, the federal Ex Post Facto Clause, Article I, Section 10 of the United States Constitution, prohibits the enactment of ex post facto laws.[1]  The United States Supreme Court has described four categories of prohibited ex post facto laws:

---

1. The Ohio Constitution's prohibition against retroactive laws also arguably includes the more specific prohibition against ex post facto laws. *State v. Walls*, 96 Ohio St.3d 437, 2002-Ohio-5059, 775 N.E.2d 829, ¶ 20, fn. 4; *see also State v. Hubbard*, 167 Ohio St.3d 77, 2021-Ohio-3710, ___ N.E.3d ___, ¶ 50-55 (Stewart, J., dissenting, joined by Donnelly and Brunner, JJ.) (discussing the history of Ohio's Retroactivity Clause and that the prohibition against retroactive laws under the Ohio Constitution includes the prohibition against ex post facto laws).

"1st. Every law that makes an action done before the passing of the law, and which was innocent when done, criminal; and punishes such action. 2d. Every law that aggravates a crime, or makes it greater than it was, when committed. 3d. Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed. 4th. Every law that alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offence, in order to convict the offender."

(Emphasis deleted.) *Collins v. Youngblood*, 497 U.S. 37, 42, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990), quoting *Calder v. Bull*, 3 U.S. 386, 390, 3 Dall. 386, 1 L.Ed. 648 (1798); *see also Beazell v. Ohio*, 269 U.S. 167, 169-170, 46 S.Ct. 68, 70 L.Ed. 216 (1925) ("any statute which punishes as a crime an act previously committed, which was innocent when done, which makes more burdensome the punishment for a crime, after its commission, or which deprives one charged with crime of any defense available according to law at the time when the act was committed, is prohibited as ex post facto").

{¶ 12} In *Youngblood*, the Supreme Court stated that the categories of prohibited ex post facto laws that were identified in *Calder* may not be purposefully avoided. "[B]y simply labeling a law 'procedural,' a legislature does not thereby immunize it from scrutiny under the *Ex Post Facto* Clause." *Youngblood* at 46. If a law fits into one of the enumerated categories that were described in *Calder*, then it may not be applied retroactively, regardless of whether that law is characterized as "procedural" or "remedial" by the legislature.

{¶ 13} H.B. 228 took effect on March 28, 2019. Thus, it was effective after the alleged offenses occurred in this case (June 5, 2018) but before Brooks's trial (October 2019). As relevant here, the amendment modified R.C. 2901.05 in the

following ways (additions are indicated by underlining and deletions by strikethrough):

(A)　Every person accused of an offense is presumed innocent until proven guilty beyond a reasonable doubt, and the burden of proof for all elements of the offense is upon the prosecution.　The burden of going forward with the evidence of an affirmative defense, and the burden of proof, by a preponderance of the evidence, for an affirmative defense other than self-defense, defense of another, or defense of the accused's residence as described in division (B)(1) of this section, is upon the accused.

(B)(1)　A person is allowed to act in self-defense, defense of another, or defense of that person's residence.　If, at the trial of a person who is accused of an offense that involved the person's use of force against another, there is evidence presented that tends to support that the accused person used the force in self-defense, defense of another, or defense of that person's residence, the prosecution must prove beyond a reasonable doubt that the accused person did not use the force in self-defense, defense of another, or defense of that person's residence, as the case may be.

(2)　Subject to division (B)(2)(3) of this section, a person is presumed to have acted in self-defense or defense of another when using defensive force that is intended or likely to cause death or great bodily harm to another if the person against whom the defensive force is used is in the process of unlawfully and without privilege to do so entering, or has unlawfully and without privilege to do so entered, the residence or vehicle occupied by the person using the defensive force.

(2)(a)(3)  The presumption set forth in division (B)(1)(2) of this section does not apply if either of the following is true:

(a)  The person against whom the defensive force is used has a right to be in, or is a lawful resident of, the residence or vehicle.

(b)  The presumption set forth in division (B)(1) of this section does not apply if theperson who uses the defensive force uses it while in a residence or vehicle and the person is unlawfully, and without privilege to be, in that residence or vehicle.

(3)(4)  The presumption set forth in division (B)(1)(2) of this section is a rebuttable presumption and may be rebutted by a preponderance of the evidence, provided that the prosecution's burden of proof remains proof beyond a reasonable doubt as described in divisions (A) and (B)(1) of this section.

(Underlining and strikethrough sic.) H.B. 228, chrome-extension://ieepebpjnkhaiioojkepfniodjmjjihl/data/pdf.js/web/viewer.html?file=https%3A%2F%2Fsearch-prod.lis.state.oh.us%2Fsolarapi%2Fv1%2Fgeneral_assembly_132%2Fbills%2Fhb228%2FEN%2F05%2Fhb228_05_EN%3Fformat%3Dpdf (accessed Apr. 6, 2022).  Nothing in R.C. 2901.05 as amended creates a new crime or increases the burdens or punishment for a past crime.  Thus, applying it to trials like Brooks's does not violate the prohibition against ex post facto laws.  *See Youngblood*, 497 U.S. at 42, 110 S.Ct. 2715, 111 L.Ed.2d 30.  Rather, the question here is merely whether the General Assembly expressly made the statute as amended retroactive and if so, whether it is remedial in nature.

{¶ 14} Facially, R.C. 2901.05 as amended does not apply retroactively.  The enunciation of the right to self-defense is in the present tense: "A person *is* allowed to act in self-defense * * *."  (Emphasis added.)  R.C. 2901.05(B)(1).  And the burden-allocating language applies prospectively—to trials occurring only after the

effective date of the amendment ("*at the trial* of a person who is accused of an offense that involved the person's use of force against another * * * the prosecution must prove beyond a reasonable doubt that the accused person did not use the force in self-defense" [emphasis added]). *Id*.

{¶ 15} The state argues that if R.C. 2901.05 as amended is applied to trials like Brooks's, it is a prohibited ex post facto law because it is being applied to alleged criminal conduct that predates its effective date. However, R.C. 2901.05 as amended neither provides nor takes away any substantive right. That is, even under the former version of R.C. 2901.05, Brooks still had the right to make a self-defense claim. *See e.g.*, *State v. Martin*, 21 Ohio St.3d 91, 92-94, 488 N.E.2d 166 (1986), *superseded by statute*. The only thing that the amendments to R.C. 2901.05 changed is which party has the burden of proving or disproving a self-defense claim at trial. *See* H.B. 228.

{¶ 16} The allocation of a burden of proof is generally a procedural matter with substantive effects. *Raleigh v. Illinois Dept. of Revenue*, 530 U.S. 15, 20-21, 120 S.Ct. 1951, 147 L.Ed.2d 13 (2000) ("Given its importance to the outcome of cases, we have long held the burden of proof to be a 'substantive' aspect of a claim"); *In re Joint Cty. Ditch No. 1*, 122 Ohio St. 226, 231-232, 171 N.E. 103 (1930) (noting that "[t]he burden of proof is a procedural matter" but also that the "Legislature has made provision for the substantial constitutional right. If the imposition of the burden of proof upon [a defendant] is a substantial interference with the exercise of that right, it is a denial of a substantial right guaranteed by the Constitution"). As the allocation of the burden of proof is not easily categorized, it is helpful to consider similar cases like the one before us today.

{¶ 17} Before R.C. 2901.05 was enacted, the common-law rule regarding insanity as an affirmative defense was that a defendant had the burden of proving by a preponderance of the evidence that he was not sane. *State v. Humphries*, 51 Ohio St.2d 95, 98, 364 N.E.2d 1354 (1977). The first version of R.C. 2901.05,

which was effective starting January 1, 1974, stated: "Every person accused of an offense is presumed innocent until proven guilty beyond a reasonable doubt, and the burden of proof is upon the prosecution. The burden of going forward with the evidence of an affirmative defense is upon the accused." *Id.*, quoting former R.C. 2901.05(A); *see also* Am.Sub.H.B. No. 511, 134 Ohio Laws, Part II, 1866, 1893. In other words, R.C. 2901.05 removed the defendant's common-law burden to prove an affirmative defense but still required him to provide evidence in support of the affirmative defense:

> Under the provisions of R.C. 2901.05(A), a defendant who pleads an affirmative defense has only the burden of going forward with evidence of a nature and quality sufficient to raise that defense, and does not have the burden of establishing such defense by a preponderance of the evidence.

> Under the provisions of R.C. 2901.05(A), when a defendant pleads an affirmative defense, and presents evidence of a nature and quality sufficient to raise that defense, the state bears the burden of persuasion beyond a reasonable doubt upon every issue necessary to convict the defendant.

*Humphries* at paragraphs two and three of the syllabus. When this court was faced with a statute that (like the 2019 amendment before us today) removed a burden of proof from the defendant and placed it on the state, we decided that the amended statute applied prospectively to trials, making no distinction as to when the underlying criminal conduct occurred:

> The General Assembly enacted R.C. 2901.05 to be effective January 1, 1974. Every criminal trial held on and after that date is

10

required to be conducted in accordance with the provisions of that
section.

*Id*. at paragraph four of the syllabus.

{¶ 18} Citing *State v. Jones*, 67 Ohio St.2d 244, 423 N.E.2d 447 (1981), *overruled by State v. Webb*, 70 Ohio St.3d 325, 638 N.E.2d 1023 (1994), paragraph one of the syllabus, the state argues that when the self-defense statute was amended in 1978, those amendments "did not apply retroactively to conduct prior to its effective date but tried after its effective date." The amendments to R.C. 2901.05(A) that were at issue in *Jones* shifted the preponderance-of-evidence burden of proof for an affirmative defense to the defendant. *Id*. at 247-248. And before this court issued its decision on the subject, some Ohio appellate courts had found that the retroactive application of R.C. 2901.05(A) as amended in 1978 was constitutional because the allocation-of-proof burden was a procedural, not a substantive, matter. *See e.g.*, *State v. Coleman*, 7th Dist. Belmont No. 79-B-18, 1980 Ohio App. LEXIS 10443, *8-13 (Oct. 15, 1980); *State v. Jones*, 1st Dist. Hamilton No. C-790410, 1980 WL 352941, *10-15 (June 25, 1980). But this court reversed those judgments, holding that "[t]he application of R.C. 2901.05(A), as amended effective November 1, 1978, to crimes committed before the effective date of the statute is a violation of the prohibition against ex post facto laws (Section 10, Article I of the United States Constitution)." *Jones*, 67 Ohio St.2d 244, 638 N.E.2d 1023, at syllabus. We held that retroactively reallocating the burden to the defendant violated the prohibition against ex post facto laws. We explained that a " 'law that alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offence, in order to convict the offender' " could not be applied to conduct that had occurred before its enactment. (Emphasis deleted.) *Id*. at 248, quoting *Calder*, 3 U.S. at 390, 3 Dall. 386, 1 L.Ed. 648. Because the effect of the 1978 amendment *added* to the

defendant's burden at trial and was therefore in the fourth category of prohibited ex post facto laws identified in *Calder*, the issue in *Jones* was not general retroactivity, but rather, the more specific prohibition on the passage of ex post facto laws.

{¶ 19} When we previously reviewed matters like the one before us here, we found that applying an amended statute to a defendant who is tried after the amended statute's effective date for conduct that occurred prior to its effective date was permissible unless doing so would violate the Ohio's Retroactivity Clause. The matter before us here is similar to the situation in *Humphries*, 51 Ohio St.2d 95, 364 N.E.2d 1354 (in which the burden of proof shifted *from* the defendant *to* the state); it is not like the situation in *Jones* as cited by the state (in which the burden of proof was retroactively allocated *to* the defendant in violation of the prohibition against ex post facto laws). The amendment here applies prospectively and, because it does not increase the burden on a criminal defendant, there is no danger of its violating Ohio's Retroactivity Clause or the United States Constitution's Ex Post Facto Clause. Accordingly, the certified-conflict case—*Gloff*, 2020-Ohio-3143, 155 N.E.3d 42, which relied on and followed *Humphries*—was correctly decided and *Jones* does not apply.

{¶ 20} Not only is the Fifth District's decision incorrect, but the cases that it relied on do not support its judgment. The court of appeals stated that H.B. 228 should not have applied to Brooks's trial, because although her trial occurred after H.B. 228 was enacted, the offenses did not. 2020-Ohio-4123, 157 N.E.3d 387, at ¶ 29-43. Yet in almost every opinion that the court of appeals cited to justify its judgment, the defendant's *trial* took place before March 28, 2019, the effective date of H.B. 228.[2] 2020-Ohio-4123 at ¶ 38, citing *State v. Whitman*, 5th Dist. Stark No.

---

2. The only two exceptions were opinions in which the court of appeals disposed of the issue in a footnote with little analysis. 2020-Ohio-4123 at ¶ 39, quoting *State v. Williams*, 3d Dist. Allen No. 1-19-39, 2019-Ohio-5381, ¶ 12, fn. 1, and *State v. Wallace-Lee*, 2d Dist. Greene No. 2019-CA-19, 2020-Ohio-3681, ¶ 21, fn. 5.

2019CA00094, 2019-Ohio-4140, ¶ 11 (the defendant was originally convicted on May 5, 2017), and *State v. Moore*, 5th Dist. Muskingum No. CT2019-0030, 2020-Ohio-342, ¶ 9 ("The new version [of R.C. 2901.05] took effect on March 28, 2019, after appellant's conviction and sentence"); 2020-Ohio-4123 at ¶ 39, citing *State v. Zafar*, 10th Dist. Franklin No. 19AP-255, 2020-Ohio-3341, ¶ 30 ("the changes to R.C. 2901.05 took effect on March 28, 2019, and the trial in [the defendant's] case began January 22, 2019"), *State v. Ward*, 10th Dist. Franklin No. 19AP-266, 2020-Ohio-465, ¶ 15 (recognizing that the defendant's trial occurred in February 2019 and that at that time, the amendments to R.C. 2901.05 were not yet in effect), *State v. Brown*, 9th Dist. Wayne No. 19AP0004, 2020-Ohio-529 (the defendant's trial occurred in October 2018[3]), *State v. Koch*, 2d Dist. Montgomery No. 28000, 2019-Ohio-4099, ¶ 12 (noting that the defendant's trial began on March 19, 2018), and *State v. Fisher*, 8th Dist. Cuyahoga No. 108494, 2020-Ohio-670, ¶ 24 fn. 2 (the defendant's trial occurred before the effective date of H.B. 228). Under the plain language of the amended version of R.C. 2901.05(B)(1) ("*at the trial* of a person who is accused of an offense that involved the person's use of force against another" [emphasis added]), it does not apply to cases in which a defendant's trial predates the amendment. None of these cases supports the position that the amended version of R.C. 2901.05 does not apply to a defendant's trial when her trial occurs after the enactment H.B. 228, regardless of the date of the underlying alleged criminal conduct.

**{¶ 21}** We therefore answer the certified-conflict question ("Does legislation that shifts the burden of proof on self-defense to the prosecution (2018 H.B. 228, eff. March 28, 2019) apply to all subsequent trials even when the alleged offenses occurred prior to the effective date of the act?") in the affirmative.

---

3. This information was obtained by searching the docket in *State v. Brown*, Wayne C.P. No. 2018 CRC-I 000049, https://courtsweb.waynecourts.org/publicaccess/Home.aspx/Search (accessed Apr. 18, 2022) [https://perma.cc/R4A7-B2R3].

**{¶ 22}** The state also argues that because Brooks claimed she was not trespassing when she entered Myers's home, she may not assert a self-defense claim. Although the state raised this argument in the court of appeals and seemingly in the trial court, it was not addressed by the court of appeals. Since we accepted jurisdiction in this case to answer a proposition of law and a certified-conflict question about the applicability of H.B. 228 to a defendant's trial and nothing more, we will not address the state's argument but instead remand the case to the court of appeals for it to address that argument.

## IV. CONCLUSION

**{¶ 23}** We hold that the amendment to R.C. 2901.05 (enacted in H.B. 228) is not retroactive—it applies prospectively to all trials occurring after its effective date, regardless of when the underlying alleged criminal conduct occurred. This holding is consistent with *Humphries*, 51 Ohio St.2d 95, 364 N.E.2d 1354, and *Jones*, 67 Ohio St.2d 244, 423 N.E.2d 447, because in *Humphries*, the General Assembly amended former R.C. 2901.05 and removed a defendant's burden of establishing an affirmative defense by a preponderance of evidence (and hence instructed a prospective application of former R.C. 2901.05 to all trials regardless of when the underlying criminal conduct occurred), while in *Jones*, the General Assembly once again amended former R.C. 2901.05 but switched the burden of establishing an affirmative defense by a preponderance of evidence to the defendant (and that amended version of R.C. 2901.05 could not be applied to trials for conduct that occurred before the effective date without violating the prohibition against ex post facto laws).

**{¶ 24}** We answer the certified question in the affirmative and hold that the court of appeals erred when it affirmed the trial court's judgment that former R.C. 2901.05 applied to Brooks's trial. Yet if, as the state has argued, Brooks was not entitled to a self-defense claim, then the error that is the subject of the certified question would be harmless. We therefore remand this case to the Fifth District

Court of Appeals for it to consider whether Brooks was entitled to a self-defense claim.

Judgment reversed

and cause remanded.

O'CONNOR, C.J., and DONNELLY and STEWART, JJ., concur.

DEWINE, J., concurs in judgment only, with an opinion joined by KENNEDY and FISCHER, JJ.

_____

**DEWINE, J., concurring in judgment only.**

{¶ 25} First, Ladasia Brooks committed a crime; next, the relevant law changed; last, she stood trial. The change in law shifted the burden of proof for the self-defense affirmative defense from criminal defendants to the prosecution and elevated the quantum of proof to beyond a reasonable doubt. 2018 Am.Sub.H.B. No. 228. I understand the majority to hold that the new law applies in all trials that begin after its effective date, March 28, 2019. I concur in that judgment. I write separately because my analysis differs from the majority's.

{¶ 26} The majority frames the issue largely as whether the new law is unconstitutionally retroactive. *See* majority opinion, ¶ 13. But the real question before this court has little to do with retroactivity. It is simply which self-defense statute applies: the one effective at the time of the offense or the one effective at the time of trial? The answer is that the law effective at the time of trial, the new one, applies.

{¶ 27} This is evident from the statutory text, which explicitly ties the new rule to the time of trial: "[A]t the trial of a person who is accused of an offense * * * the prosecution must prove beyond a reasonable doubt that the accused person did not use the force in self-defense * * *." R.C. 2901.05(B)(1). Importantly, this reading is consistent with the rule that laws "providing rules of practice, courses of procedure, or methods of review are applicable to any proceedings conducted after

the adoption of such laws." *State ex rel. Holdridge v. Indus. Comm.*, 11 Ohio St.2d 175, 228 N.E.2d 621 (1967), paragraph 1 of the syllabus. By rearranging the burden and quantum of proof, the new self-defense law effects trial procedure and thus falls comfortably within *Holdridge*'s procedural rubric. *See State v. Pitts*, 2020-Ohio-5494, 163 N.E.3d 1169, ¶ 21 (1st Dist.); *see also Love v. State*, 286 So.3d 177, 179 (Fla.2019).

**{¶ 28}** Because the law in question applies only prospectively—that is, to trials after its effective date—and because it is a rule of procedure, it does not implicate the Ohio Constitution's prohibition against retroactive laws. *See* Article II, Section 28. Further, the state's argument that applying the new law to Brooks's trial violates the United States Constitution's prohibition against ex post facto laws, Article I, Section 10, fails because the change in law favors the defendant. *See Hopt v. Utah*, 110 U.S. 574, 590, 4 S.Ct. 202, 28 L.Ed. 262 (1884).

**{¶ 29}** On this understanding, I join the majority in its judgment.

KENNEDY and FISCHER, JJ., concur in the foregoing opinion.

––––––––––––––––––

Gary D. Bishop, Richland County Prosecuting Attorney, Jodie Marie Schumacher, First Assistant Prosecuting Attorney, and Olivia Annette Boyer, Assistant Prosecuting Attorney, for appellee.

Timothy Young, Ohio Public Defender, Patrick T. Clark, Managing Counsel, and Marley C. Nelson, Assistant Public Defender, for appellant.

Mathias H. Heck, Montgomery County Prosecuting Attorney, and Heather Noelle Ketter, Assistant Prosecuting Attorney, urging affirmance for amicus curiae Ohio Prosecuting Attorneys Association.

––––––––––––––––––