[Cite as *State v. Casey*, 2023-Ohio-3837.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- vs -

DARYL L. CASEY, JR.,

        Defendant-Appellant.

**CASE NO. 2023-T-0035**

Civil Appeal from the
Court of Common Pleas

Trial Court No. 2020 CR 00515

**O P I N I O N**

Decided: October 23, 2023
Judgment: Affirmed

*Dennis Watkins*, Trumbull County Prosecutor, and *Ryan J. Sanders*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Rhys B. Cartwright-Jones*, 42 North Phelps Street, Youngstown, OH 44503 (For Defendant-Appellant).

EUGENE A. LUCCI, J.

{¶1} Appellant, Daryl L. Casey Jr., appeals the judgment of the Trumbull County Court of Common Pleas, denying his petition for postconviction relief without a hearing. We affirm.

{¶2} At approximately 1:00 a.m. on July 6, 2020, appellant shot Kavin Moore, a resident of the same apartment building in which appellant resides. Multiple shots hit Moore in the leg, while other shots entered their shared building. Following the shooting, appellant was indicted on one count of discharging a firearm at or into an occupied

structure, in violation of R.C. 2923.161(A)(1) and (C), and one count of felonious assault, in violation of R.C. 2903.11(A)(1) and (D)(1)(a). Both counts were attended by firearm specifications pursuant to R.C. 2941.145.

{¶3} After a jury trial, during which appellant maintained that he acted in self-defense, the jury found him guilty of improperly discharging a firearm into a habitation and the attendant firearm specification. The jury was unable to reach a unanimous decision on the felonious assault charge, resulting in the trial court declaring a mistrial on that count. The court ordered a presentence investigation and report and set the matter for sentencing.

{¶4} Appellant was subsequently sentenced to an indefinite prison term of four to six years for improperly discharging a firearm into a habitation and a mandatory prison term of three years on the specification, to be served prior and consecutive to the indefinite sentence, for an aggregate prison sentence of seven to nine years. The court dismissed the felonious assault charge on the state's motion, wherein it indicated that further prosecution of that count would not be in the interest or furtherance of justice.

{¶5} Appellant appealed his conviction. On appeal appellant argued, inter alia, the trial court erred in failing to read an accurate jury instruction on self-defense and that his counsel was ineffective for failing to provide mitigating evidence of post-traumatic stress disorder ("PTSD"). With respect to the first point, this court determined that the trial court was not required to provide the jury with an instruction relating to the "castle doctrine" under the former version of R.C. 2901.09(B). This court concluded that there was evidence that appellant was in the apartment building's parking lot at the time of the

2

shooting and "the definition of a dwelling does not extend to parking lots and driveways." *State v. Casey*, 11th Dist. Trumbull No. 2021-T-0029, 2022-Ohio-2199, ¶ 24 ("*Casey I*").

{¶6} Regarding counsel's alleged ineffectiveness, this court determined that evidence of appellant's alleged PTSD diagnosis was not part of the record. As such, this court determined "we cannot say that [appellant] was prejudiced by the failure to offer further evidence of his PTSD or the effect of that diagnosis on his mental state." *Id.* at ¶ 33. This court ultimately affirmed appellant's conviction.

{¶7} On November 7, 2022, appellant filed the underlying petition for postconviction relief. Appellant claimed trial counsel was ineffective for (1) failure to assert mitigation evidence regarding PTSD; (2) failure to assert a potential defense of "habitation"; and (3) failure to draw the trial court's attention to this court's opinion in *State v. Wagner*, 11th Dist. Lake No. 2021-L-101, 2022-Ohio-4051, which, following *State v. Brooks*, 170 Ohio St.3d 1, 2022-Ohio-2478, 208 N.E.3d 751, stated: "amended R.C. 2901.05 applies 'to all trials conducted on or after its effective date' regardless of when the underlying criminal conduct occurred." *Wagner* at ¶ 23, quoting *Brooks* at ¶ 2.

{¶8} The state duly responded to the petition and moved to dismiss the same. Appellant opposed the motion. The trial court eventually dismissed the petition without a hearing. The trial court determined appellant's allegations of ineffective assistance of counsel to be meritless and unsubstantiated. The court observed that, other than appellant's own affidavit, appellant failed to offer any evidentiary quality materials to support his allegations. The trial court noted that while appellant had attached a statement from his apartment complex property manager, the statement solely pertained to his allegation relating to his defense-of-habitation argument and was not offered as a

3

sworn affidavit. The court therefore concluded the statement failed to rise to the minimum levels of cogency to support the assertions in the petition. The court also found appellant's arguments could and should have been raised in his direct appeal and were thus res judicata.

{¶9} Appellant now appeals the trial court's dismissal assigning the following as error:

{¶10} "The trial court erred in denying Casey's postconviction petition without a [hearing]."

{¶11} In *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, the Supreme Court of Ohio held that "a trial court's decision granting or denying a postconviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion[.]" *Gondor* at ¶ 58; *see also State v. Martin*, 11th Dist. Trumbull No. 2017-T-0014, 2018-Ohio-3244, ¶ 20 (affirming the dismissal of a petition without a hearing).

{¶12} In *Gondor*, the Supreme Court made clear that in matters relating to postconviction relief, the trial court's decision should be given deference:

> In postconviction cases, a trial court has a gatekeeping role as to whether a defendant will even receive a hearing. In *State v. Calhoun* (1999), 86 Ohio St.3d 279, 714 N.E.2d 905, paragraph two of the syllabus, this court held that a trial court could dismiss a petition for postconviction relief without a hearing "where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." This court reversed the judgment of the appellate court in *Calhoun,* holding that "the trial court did not abuse its discretion in dismissing the credibility of [the] affidavits," which served as the basis for his petition. * * * *Id.* at 286, 714 N.E.2d 905.

(Emphasis omitted.) *Gondor* at ¶ 51.

4

Case No. 2023-T-0035

{¶13} R.C. 2953.21, Ohio's postconviction relief statute, states, in pertinent part:

(A)(1)(a) A person in any of the following categories may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief:

(i) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States;

* * *

(D) * * * Before granting a hearing on a petition filed under division (A)(1)(a)(i), (ii), (iii), or (iv) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner[.]

* * *

(F) Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues * * * [.]

{¶14} "In a petition for post-conviction relief, which asserts ineffective assistance of counsel, the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness." *State v. Jackson*, 64 Ohio St.2d 107, 413 N.E.2d 819 (1980), at syllabus. "In order to prevail on an ineffective assistance of counsel claim, an appellant must demonstrate that trial counsel's performance fell 'below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance.'" *State v. Andrus*, 11th Dist.

5

Ashtabula No. 2019-A-0082, 2020-Ohio-6810, ¶ 60, quoting *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph two of the syllabus.

{¶15} "To be genuinely relevant, the evidence dehors the record must materially advance the petitioner's claim and 'meet some threshold standard of cogency.'" *State v. Delmonico*, 11th Dist. Ashtabula No. 2004-A-0033, 2015-Ohio-2882, at ¶ 14, quoting *State v. Schlee*, 11th Dist. Lake No. 97-L-121, 1998 WL 964291, *2 (Dec. 31, 1998). In the absence of such a standard, it would be too easy for the petitioner to simply attach as exhibits "'evidence which is only marginally significant and does not advance the petitioner's claim beyond mere hypothesis and a desire for further discovery.'" *State v. Sopjack*, 11th Dist. Geauga No. 96-G-2004, 1997 WL 585904, *3 (Aug. 22, 1997), quoting *State v. Coleman*, 1st Dist. Hamilton No. C-900811, 1993 WL 74756, *7 (Mar. 17, 1993).

{¶16} The standard of review for ineffective assistance of counsel was stated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order to support a claim of ineffective assistance of counsel, the defendant must satisfy a two-prong test. First, he must show that counsel's performance was deficient. *Strickland* at 687. This requires a showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment. *Id.* A properly licensed attorney is presumed to be competent. *Id.* at 689. In order to rebut this presumption, the defendant must show the actions of counsel did not fall within a range of reasonable assistance. *Id.* The Court in *Strickland* stated, "[t]here are countless ways to provide effective assistance in any given case. * * *." *Id.* Therefore, "[j]udicial scrutiny of counsel's performance must be

6

highly deferential." *Id.* "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* In addition, "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance * * *." *Id.*

{¶17} Second, the defendant must show the deficient performance prejudiced the defense. In order to satisfy this prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's * * * errors, the result of the [trial] would have been different." *Id.* at 694; *accord State v. Bradley*, 42 Ohio St.3d 136, at paragraph three of the syllabus.

{¶18} It is well-settled that strategic and tactical decisions do not constitute a deprivation of the effective assistance of counsel. *State v. Clayton*, 62 Ohio St.2d 45, 49, 402 N.E.2d 1189 (1980).

{¶19} Appellant first argues trial counsel was ineffective for failing to offer evidence of a purported diagnosis of PTSD in mitigation. The only support appellant provides for any such diagnosis, however, is by way of his personal affidavit, where he averred: "[t]rial counsel did state that he had [a] PTSD expert that would provide vital expert testimony regarding my mental state and how the effects of PTSD could have had an impact on the knowing aspect of the offense; but said expert was never introduced at trial, nor did I ever meet with any such expert to review any type of report from this promised expert[.]"

7

**{¶20}** Initially, in *Casey I*, appellant attempted to argue the foregoing, but this court properly acknowledged that any attempt to establish ineffective assistance would require recourse to evidence dehors the record. In this respect, the argument is properly before this court in the instant appeal and not barred by res judicata.

**{¶21}** Despite this point, however, appellant's petition does not include any evidence, let alone medical or psychological proof dehors the record of an independent PTSD *diagnosis*. PTSD is a clinical diagnosis. *See State v. Nemeth*, 82 Ohio St.3d 202, 212-213, 694 N.E.2d 1332 (1998). Without such evidence, appellant's PTSD claim is untested and has the status of a mere hypothesis. Counsel's performance cannot be deemed deficient for failing to advance a claim in mitigation that appellant, on postconviction, has failed to establish by reference to evidence dehors the record. The claim, therefore, does not meet the necessary threshold standard of cogency.

**{¶22}** Moreover, appellant submitted no evidence of the psychological or behavioral trends that may or may not manifest with such a diagnosis. It is accordingly unclear whether introducing such evidence would have a truly positive effect on appellant's potential defense. For example, if there is expert disagreement regarding whether one diagnosed with PTSD will, under circumstances of excitement or duress, act out (fight), posture (fawn), run away (fly) or collapse in fear (freeze), there would be no reason to impugn counsel's performance. Without some evidence that appellant was (1) diagnosed clinically with PTSD and (2) the diagnosis would bear or militate in his favor, we cannot conclude counsel was deficient in his performance to appellant's prejudice for failing to fully pursue this arguable mitigation strategy. In short, counsel could have made the tactical decision to avoid this strategy.

8

Case No. 2023-T-0035

{¶23} Next, appellant contends there is a meaningful factual issue as to whether he was in his residence at the time of the incident giving rise to the charges. Appellant does not provide extensive argumentation on this point, but appears to challenge trial counsel's failure to investigate whether the aspect of the building into which he fired shots was a de facto habitation.

{¶24} Appellant was convicted of one count of discharging a firearm at or into habitation. R.C. 2923.161(A)(1) provides: "No person, without privilege to do so, shall knowingly * * * [d]ischarge a firearm at or into an occupied structure that is a permanent or temporary habitation of any individual."

{¶25} Appellant attached a notarized letter to his petition written and signed by the property manager of what he describes as "the apartment in question." The property manager states that the apartment was not occupied by a tenant on July 6, 2020, the date of the incident. The letter, however, is not in the form of an affidavit. As the letter is not a sworn, formal document, it cannot be considered an affidavit in support.

{¶26} Moreover, the letter designates the apartment "at 3053 Hadley Ave., Apt. #1, *Youngstown, OH* 44505." (Emphasis added.) The record indicates that residence in question is located in Liberty Township, Trumbull County, Ohio. Although this may be considered an oversight, it is still problematic and affects the credibility of the letter.

{¶27} Further, we cannot simply assume that trial counsel did not investigate this element of the crime charged. And, assuming the alleged apartment into which appellant fired his weapon was not factually occupied at the time of the offense does not imply, as a matter of law, it might not be likely occupied. An "occupied structure" is defined, in part, a structure that "is maintained as a permanent or temporary dwelling, even though

9

it is temporarily unoccupied and whether or not any person is actually present," or "occupied as the permanent or temporary habitation of any person, whether or not any person is actually present." R.C. 2909.01(C).[1]  As such, "a violation of R.C. 2923.161(A)(1) occurs when an offender fires a gun into someone's habitation, regardless of the presence of people." *State v. Lambert*, 2d Dist. Montgomery No. 28655, 2021-Ohio-17, ¶ 59. In this respect, the structure is an apartment that, even if it was used for storage, might still have an occupant placing items in the area or an occupant recovering items from the area. Given these points, we cannot conclude that counsel's performance was deficient for failing to raise the proposed defense.

{¶28} Regardless, the trial court determined the letter did not meet the minimal standard of cogency required to support a petition for postconviction relief. Under these circumstances, we find no error in the trial court's decision.

{¶29} Finally, appellant contends trial counsel was ineffective for failing to address the impact of this court's decision in *Wagner*, 2022-Ohio-4051. We first point out that appellant, through appellate counsel, attempted to raise this argument on a delayed application to reopen the case. This court determined that the application's untimeliness was sufficient to deny the same (specifically, that counsel's claim of his own ineffectiveness was insufficient to establish good cause for a delayed application). Because, however, the merits of the claim were not reached, and due to the timing of this court's release of *Wagner*, counsel was unable to raise the claim on direct appeal, the argument is not barred by res judicata.

---

1. We recognize that this definition of occupied structure applies to violations of R.C. 2909.01 through 2909.07. Courts, however, have utilized the definition in the context of a discharging a firearm at or into habitation offense. *See, e.g., State v. Leigh*, 2023-Ohio-91, 206 N.E.3d 37, ¶ 20 (2d Dist.).

Case No. 2023-T-0035

{¶30} In *Wagner*, this court, following the Supreme Court of Ohio's ruling in *Brooks*, 2022-Ohio-2478, observed:

> The Supreme Court held that amended R.C. 2901.05 applies "to all trials conducted on or after its effective date" regardless of when the underlying criminal conduct occurred. [*Brooks*] at ¶ 2. In its analysis, the court found this was not an ex post facto law since it did not create a new crime or increase the burden or punishment for a past crime. *Id.* at ¶ 13.
>
> The court also held that, as amended, the statute did not apply retroactively but prospectively to all trials occurring after its effective date, emphasizing the right to self-defense was stated in the present tense ("[a] person *is* allowed to act in self-defense" and "*at the trial* of a person * * * the prosecution must prove" self-defense). *Id.* at ¶ 14. It concluded that since "[t]he amendment here applies prospectively and, because it does not increase the burden on a criminal defendant, there is no danger of its violating Ohio's Retroactivity Clause or the United States Constitution's Ex Post Facto Clause." (Emphasis sic.) *Id.* at ¶ 19.

*Wagner* at ¶ 23-24.

{¶31} While amended R.C. 2901.05 and R.C. 2901.09, Ohio's self-defense and defense of residence statutes, were effective approximately one month prior to appellant's conviction (May 21, 2021), *Wagner* was not decided until November 14, 2022. Moreover, *Brooks*, the Supreme Court of Ohio's decision upon which *Wagner* relied, was decided on July 21, 2022. Both cases were decided well after appellant's conviction and this court's opinion and judgment affirming the same (June 27, 2022). We decline to find trial counsel's performance deficient for failing to raise a matter of law which had not been settled in this district, let alone the Supreme Court at the time of trial.

{¶32} Appellant's assignment of error lacks merit.

Case No. 2023-T-0035

{¶33} For the reasons discussed in this opinion, the judgment of the Trumbull County Court of Common Pleas is affirmed.


MATT LYNCH, J.,

ROBERT J. PATTON, J.,

concur.

Case No. 2023-T-0035