[Cite as *State v. Gillilan*, 2023-Ohio-325.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 29182 |
| | : | |
| v. | : | Trial Court Case No. 2019 CR 01470/3 |
| | : | |
| CHAZ GILLILAN | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on February 3, 2023

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Attorney for Appellee

ROBERT ALAN BRENNER, Attorney for Appellant

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant Chaz Gillilan appeals his convictions for murder, felonious assault, aggravated robbery, aggravated burglary, possession of criminal tools, tampering with evidence, and having weapons under disability. Gillilan claims the trial court erred in instructing the jury regarding his claim that he had acted in self-defense

and in failing to instruct on the offense of voluntary manslaughter. He further claims the trial court erred by failing to declare a mistrial and by failing to properly merge offenses for purposes of sentencing.

{¶ 2} Following our opinion in *State v. Irvin*, 2020-Ohio-4847, 160 N.E.3d 388 (2d Dist.), the trial court incorrectly instructed the jury regarding the allocation of the self-defense burden of proof. *Irvin* was subsequently reversed by the Ohio Supreme Court on the authority of *State v. Brooks*, Ohio Slip Opinion No. 2022-Ohio-2478, __ N.E.3d __. *See State v. Irvin,* Ohio Slip Opinion No. 2022-Ohio-3587, __ N.E.3d __. Thus, and because we conclude that the error was not harmless, the trial court's judgment must be reversed, and the case will be remanded for a new trial.

## I. Facts and Procedural History

{¶ 3} This case arises from the December 2018 shooting death of Noah Kinser. On that date, Gillilan and Dante English went to Kinser's apartment to either purchase (Gillilan's version) or steal (the State's version) marijuana. During the encounter, Kinser and his girlfriend sustained gunshot wounds. Kinser subsequently died.

{¶ 4} Following an investigation, Gillilan was indicted on six counts of murder, four counts of felonious assault, four counts of aggravated robbery, two counts of aggravated burglary, one count of possession of criminal tools, one count of tampering with evidence, and two counts of having weapons under disability. A jury convicted Gillilan on all counts. After merging of some of the offenses, the trial court sentenced him to an aggregate prison term of 30 years to life. Gillilan appeals.

## II.     Self-Defense Instruction

{¶ 5} Gillilan's first assignment of error states as follows:

THE TRIAL COURT ERRED WHEN IT FAILED TO PROPERLY

INSTRUCT THE JURY ON THE LAW OF SELF DEFENSE

{¶ 6} Gillilan claims the trial court erred in instructing the jury regarding his claim of self-defense.

{¶ 7} In 2019, the Ohio General Assembly amended R.C. 2901.05.     The amendment shifted the burden of proof on self-defense "from the defendant to the state to prove beyond a reasonable doubt that the accused did not use force in self-defense." *Brooks*, Ohio Slip Opinion No.  2022-Ohio-2478, __ N.E.3d __, at ¶ 6.

{¶ 8} In this case, the charged offenses occurred in December 2018, prior to the effective date of the amendment.  The trial occurred in May 2021, after the effective date. At the time of trial, the law of this appellate district under *Irvin,* 2020-Ohio-4847, 160 N.E.3d 388, was that the burden-allocating change in R.C. 2901.05 did not apply to a defendant whose offenses pre-dated the amendment.  The trial court instructed the jury in this case in accordance with *Irvin*.  However, the Ohio Supreme Court subsequently held that the amendment change applied to all trials that occurred on or after March 28, 2019, even if the offenses occurred prior to that date.  *Brooks* at ¶ 23.

{¶ 9} According to Gillilan's testimony at trial, when he and English arrived at Kinser's residence, they entered a room at the top of a flight of stairs.  Kinser and his girlfriend were in the room.  According to Gillilan, Kinser was holding a rifle in one hand.

The rifle was pointed toward the floor. Gillilan claimed he had disputed whether the amount of marijuana set out for sale was the correct amount. He testified that Kinser then pointed the rifle at him. Gillilan testified that he immediately deflected the rifle by grabbing it with his hand. He claimed the rifle discharged, at which time Gillilan retrieved his own firearm from his waistband. Gillian testified the rifle discharged at least once more and that he then shot Kinser.

{¶ 10} During oral argument, the State conceded that Gillilan had been entitled to a self-defense instruction. The State further concedes that the trial court erred by instructing the jury that Gillilan had had the burden of proving that he acted in self-defense. However, the State argues that the error was harmless beyond a reasonable doubt because the evidence, in its view, was "so overwhelming that no reasonable juror could have found in Gillilan's favor regardless of who bore the burden of proof." Specifically, the State notes that Kinser's girlfriend testified that two masked men burst into the room and pointed guns at Kinser and her.[1] The State further asserts that the forensic evidence was inconsistent with Gillilan's version of the events, as it showed that there were bullets recovered from a third gun, which was more consistent with the girlfriend's testimony. The State also posits that Gillilan's claim of self-defense was not believable because he had lied to the police about the events rather than asserting he had acted in self-defense. The State finally argues the evidence belied Gillilan's claim of self-defense because he did not tell the driver of the car in which he left the scene what had transpired and because he told the driver to get rid of the car. Essentially, the State

---

[1] The record indicates the girlfriend hid her face during the encounter and did not observe the exchange of gunfire.

asks us to conduct a manifest weight of the evidence examination to determine whether the failure to provide the correct jury instruction was harmless error.

{¶ 11} Because Gillilan preserved the claimed error in the trial court, we must review it under the harmless-error standard of Crim.R. 52(A). *State v. Perry*, 101 Ohio St.3d 118, 2004-Ohio-297, 802 N.E.2d 643, ¶ 15. That rule defines harmless error and states that "any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." Under the harmless-error standard, the State must show that the error did not affect the substantial rights of the defendant. *Id.* If the State cannot do so, we cannot ignore the error but must reverse the conviction. *Id.*

{¶ 12} "In examining errors in a jury instruction, a reviewing court must consider the jury charge as a whole and 'must determine whether the jury charge probably misled the jury in a matter materially affecting the complaining party's substantial rights.' " *Becker v. Lake Cty. Mem. Hosp. W.*, 53 Ohio St.3d 202, 208, 560 N.E.2d 165 (1990). "A substantial right is, in effect, a legal right that is enforced and protected by law." *Cleveland v. Trzebuckowski*, 85 Ohio St.3d 524, 526, 709 N.E.2d 1148 (1999).

{¶ 13} As conceded by the State, Gillilan presented evidence at trial which entitled him to an instruction on self-defense. And, as discussed, the trial court provided an incorrect instruction which allocated the burden of proof on self-defense to Gillilan and omitted the State's burden to disprove, beyond a reasonable doubt, Gillilan's claimed use of self-defense. When, as here, the defendant is entitled to a self-defense instruction, the failure to correctly instruct the jury regarding the burden of proof on self-defense affects a substantial right. Given this, the error is not harmless.

{¶ 14} Accordingly, the first assignment of error is sustained.

### III. Mootness

{¶ 15} The second, third and fourth assignments of error asserted by Gillilan state:

THE TRIAL COURT ERRED WHEN IT FAILED TO INSTRUCT THE JURY ON VOLUNTARY MANSLAUGHTER

THE TRIAL COURT ERRED WHEN IT FAILED TO GRANT THE DEFENDANT'S MOTION FOR A MISTRIAL

THE TRIAL COURT ERRED WHEN IT FAILED TO MERGE COUNTS VI, VIII, XIII, XIV, XV, AND XVI WITH COUNT III AND THOSE THAT MERGED WITH COUNT III

{¶ 16} In these assignments of error, Gillilan claims that the trial court erred regarding sentencing and jury instructions. He also claims that the trial court should have granted a mistrial due to statements made by a witness for the State. However, given our disposition of the first assignment of error, we conclude the remaining assignments of error are moot. Accordingly, the second, third and fourth assignments of error are overruled.

### IV. Conclusion

{¶ 17} The judgment of the trial court is reversed, and the matter is remanded for a new trial.

. . . . . . . . . . . . .

WELBAUM, P.J. and LEWIS, J., concur.