DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Robert Williams, appeals from a conviction of domestic violence in the Summit County Court of Common Pleas. We affirm.
 {¶ 2} Williams was charged with one count of domestic violence in violation of R.C. 2919.25(A). The charge stemmed from an incident on June 2, 2005, at the home of Delores Easley, who is the mother of his 10-year-old son. Easley called 911 to report the incident, reporting that Defendant had "beat me up, hit me in the face, and my nose is bleeding[.]" She further indicated that Defendant was no longer there, but told the operator where he lived. She became upset and angry with the operator's repeated questioning about Defendant, insisting that someone be sent to her home because she was injured. When the police arrived at the scene, paramedics were treating Easley, who was bleeding from the nose. Easley later made a written statement to police, in which she indicated that Defendant hit her in the face, which caused her nose to bleed.
 {¶ 3} Easley and Defendant apparently had a long-term relationship, which had involved numerous prior convictions for domestic violence. Shortly after this incident, Easley would not return phone calls from the prosecutor's office or otherwise cooperate with the prosecution of Defendant. Consequently, the State prosecuted Defendant without the victim's testimony. The State called as a witness the victim's 10-year-old son, who is also the son of Defendant, because he had allegedly witnessed the incident. The son also claimed a failure to remember most of what had happened that night. He testified that he remembered that his parents were arguing, that he saw his mother blocking the doorway and later saw her nose bleeding, but did not recall talking to the police or seeing Defendant hit his mother.
 {¶ 4} Easley testified for Defendant, and indicated that Defendant did not hit her but that she had gotten a nose bleed because she has high blood pressure and had not been taking her medication. The State cross-examined her, however, with the statement she had made to police as well as the 911 call she had made that night. The State also offered the testimony of the police officers who had responded to the scene and photographs of Easley taken that night.
 {¶ 5} The jury found Defendant guilty of domestic violence. Because Defendant had more than two prior domestic violence convictions, he was convicted of a third degree felony. See R.C.2919.25(D)(4). Defendant appeals and raises three assignments of error.
 ASSIGNMENT OF ERROR I
"The conviction of [Defendant] for domestic violence is against the manifest weight of the evidence."
 {¶ 6} Defendant's first assignment of error is that his conviction of domestic violence was against the manifest weight of the evidence. When a defendant asserts that his conviction is against the manifest weight of the evidence,
"an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986),33 Ohio App.3d 339, 340.
This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
 {¶ 7} Defendant was convicted of domestic violence pursuant to R.C. 2919.25(A), which provides that "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." Pursuant to R.C. 2919.25(D)(4), because the parties stipulated that Defendant had been convicted of two or more offenses of domestic violence, his conviction constituted a third degree felony.
 {¶ 8} Defendant contends that his conviction was against the manifest weight of the evidence because the only witnesses to the alleged crime, the victim and her son, gave testimony that failed to support the State's case. The alleged victim testified that Defendant did not strike her and that her nose bled because she had hypertension. Her son testified that his parents had been arguing that evening and that he saw his mother's nose bleeding after she had been blocking the doorway, and he saw her call the police. He did not testify that he saw Defendant hit Easley, however, nor did he give any further details about what happened that night.
 {¶ 9} This was not the only evidence presented at trial, however, and the jury apparently did not believe it. "[I]n reaching its verdict, the jury is free to believe, all, part, or none of the testimony of each witness." Prince v. Jordan, 9th Dist. No. 04CA008423, 2004-Ohio-7184, at ¶ 35, citing State v.Jackson (1993), 86 Ohio App.3d 29, 33. The jury was permitted to question the credibility of these witnesses, particularly given that their testimony was contradicted by other evidence admitted at trial. The jury apparently found the contradictory evidence admitted by the State to be more credible.
 {¶ 10} The State introduced the testimony of the police officers who responded to the scene as well as the recorded statements made by the alleged victim that night, including her written statement to police and the recording of her 911 call immediately after the incident. The State played the recording of Easley's 911 call, in which she indicated that her boyfriend had beat her up, hit her in the face, and her nose was bleeding. She identified her boyfriend as Defendant and became very upset during the call, insisting that the operator stop asking her questions about Defendant and send assistance because she was injured.
 {¶ 11} The evidence further demonstrated that EMS was dispatched to the scene, as were the police. When the first police officer arrived at the scene, Easley was upset, was bleeding from the nose, and was receiving EMS treatment. She later agreed to make a statement and file a complaint against Defendant. In her written statement, prepared at the police station, Easley again indicated that Defendant had hit her and caused her nose to bleed. She explained that she had been blocking the doorway and did not want him to leave because he had been drinking and she worried that something might happen to him wandering outside at night.
 {¶ 12} When Easley testified, she recanted her accusations and insisted that Defendant had not hit her but that her nose had bled due to her high blood pressure. She explained that she and Defendant had been arguing that night and that she did block the doorway to try to prevent him from leaving, but indicated that she eventually stepped aside and allowed him to leave. {¶ 13}
As Easley testified further, however, she began to contradict her own testimony. She initially denied that the 911 call or written statement had been made by her. Later in her testimony, however, she stated that she did remember calling 911 but did not remember what she said. She also identified her signature on the written statement but also indicated that she did not remember making the statement. Easley explained that she had trouble remembering because she had been drinking that evening.
 {¶ 14} Given that there were conflicts in Easley's own testimony and that it was contradicted by other evidence presented by the State, we cannot say that the jury lost its way in finding that Defendant had caused or attempted to cause physical injury to Easley. The first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"The Trial Court erred in admitting 911 statements that included the victim's statements without the victim providing any foundation for the tape admission."
 {¶ 15} Defendant next contends that the trial court erred in admitting the tape of the victim's 911 call because the State failed to lay a proper foundation from which the trial court could conclude that the statement qualified as an excited utterance. As the State correctly notes in response to this argument, Defendant failed to raise any such objection at trial and cannot raise this issue for the first time on appeal.
 {¶ 16} Prior to trial, Defendant raised an oral motion in limine, seeking a determination that the 911 tape would not be admitted, but based his objection on the confrontation clause as interpreted in Crawford v. Washington (2004), 541 U.S. 36,124 S.Ct. 1354, 158 L.Ed.2d 177. A ruling on a motion in limine is an interlocutory ruling as to the potential admissibility of evidence at trial and cannot serve as the basis for reviewing error on appeal. State v. Grubb (1986), 28 Ohio St.3d 199,201-03. Defendant failed to preserve this issue for appellate review because, when the State first played the 911 tape, he raised no objection to the admissibility of this evidence.
 {¶ 17} Moreover, when Defendant did later raise an objection to the admissibility of the 911 tape during the trial, it was on a different basis than the grounds he raises on appeal. Evid.R. 103(A)(1) explicitly provides that "[e]rror may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and * * * a timely objection or motion to strike appears of record stating the specific ground of objection, if the specific ground was not apparent from the context[.]" Here, the specific ground raised by Defendant at trial was Crawford confrontation clause grounds, the same challenge raised through his motion in limine, which is not the same challenge that he now raises on appeal.
 {¶ 18} We will not reach the merits of this assigned error because Defendant failed to raise it below. The second assignment of error is overruled.
 ASSIGNMENT OF ERROR III
"The Trial Court erred in admitting the evidence of three prior domestic violence convictions of the Defendant over the Defendant's objections under Old Chief v. United States (1997)519 U.S. 172."
 {¶ 19} For his final assignment of error, Defendant asserts that the trial court erred in admitting evidence of his prior convictions. He contends that, rather than allowing the State to admit this prejudicial evidence of prior similar acts, the trial court was bound by the decision of the United States Supreme Court in Old Chief v. United States (1997), 519 U.S. 172, to accept his offer to stipulate to the prior convictions. Defendant's argument fails for two reasons: (1) he failed to preserve this issue for appellate review and (2) this Court has held that Old Chief is not binding in this situation.
 {¶ 20} The trial court agreed to accept a stipulation to Defendant's prior convictions, with no detail about the facts or the victim, and even instructed the jury accordingly. After the trial court instructed the jury that the parties had stipulated that Defendant had previously been convicted of, or pled guilty to, two or more offenses of domestic violence, the State asked the trial court to admit the certified judgment entries of the convictions. The trial judge even explained that she thought the stipulation was sufficient but would admit the journal entries of conviction because there was no objection by either party. Defense counsel failed to raise an objection, even after the trial judge specifically asked whether there was an objection to the admission of these exhibits. Defense counsel explicitly responded, "I'm not going to place an objection on the record." Consequently, Defendant acquiesced in the admission of this evidence and has failed to preserve this issue for appellate review.
 {¶ 21} Moreover, this Court has repeatedly held that "OldChief construed a federal statute and, therefore, is not binding upon this Court's interpretation of an Ohio statute." State v.Hilliard, 9th Dist. No. 22808, 2006-Ohio-3918, at ¶ 26, quotingState v. Kole (June 28, 2000), 9th District No. 98CA007116, at 8-9, overruled on other grounds by State v. Kole (2001),92 Ohio St.3d 303. The third assignment of error is overruled.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Whitmore, J., Moore, J., concur.