[Cite as *State v. Jones*, 2026-Ohio-1749.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 31549 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ZECHORIAH JONES | BARBERTON MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. 24 CRB 01288 |

DECISION AND JOURNAL ENTRY

Dated: May 13, 2026

HENSAL, Judge.

{¶1} Zechoriah Jones appeals a judgment of the Barberton Municipal Court that convicted him of domestic violence. For the following reasons, this Court affirms.

I.

{¶2} M.L. testified that, during an argument over their children, Mr. Jones pushed her to the ground, injuring her. He was subsequently charged with domestic violence. A jury found Mr. Jones guilty of the offense, and the trial court sentenced him to 180 days in jail with 60 days suspended. Mr. Jones has appealed, assigning four errors.

II.

ASSIGNMENT OF ERROR I

APPELLANT'S CONVICTION FOR DOMESTIC VIOLENCE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶3} In his first assignment of error, Mr. Jones argues that his domestic violence conviction is against the manifest weight of the evidence. When considering a challenge to the

manifest weight of the evidence, this Court is required to consider the entire record, "weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist. 1986). "A reversal on this basis is reserved for the exceptional case in which the evidence weighs heavily against the conviction." *State v. Croghan*, 2019-Ohio-3970, ¶ 26 (9th Dist.).

{¶4} Mr. Jones argues that the State failed to establish he did not act in self-defense when he pushed M.L. Self-defense is an affirmative defense in Ohio. *State v. Messenger*, 2022-Ohio-4562, ¶ 24. "[A] defendant charged with an offense involving the use of force has the burden of producing legally sufficient evidence that his use of force was in self-defense." *Id*. at ¶ 25. Once a defendant satisfies his burden of production, the burden of persuasion shifts to the State "to prove beyond a reasonable doubt that the accused did not use force in self-defense." *State v. Brooks*, 2022-Ohio-2478, ¶ 6. The State's burden "is subject to a manifest-weight review on appeal . . . ." *Messenger* at ¶ 27.

{¶5} The elements of self-defense are:

> (1) that the defendant was not at fault in creating the situation giving rise to the affray; (2) that the defendant had a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was in the use of such force; and (3) that the defendant did not violate any duty to retreat or avoid the danger.

*Id*. at ¶ 14, quoting *State v. Barnes*, 94 Ohio St.3d 21, 24 (2002). "To carry its burden of persuasion, the State need only disprove one of the foregoing elements beyond a reasonable doubt." *State v. Fleckenstein*, 2023-Ohio-4347, ¶ 24 (9th Dist.).

{¶6}     M.L. testified that Mr. Jones is the father of her children and that they met in the parking lot of a police station to exchange custody.  She parked at one end of the parking lot while Mr. Jones and his wife parked at the other.  She got out and stood near her car to wait for Mr. Jones's wife to walk the children over to her.  When Mr. Jones's wife got near, she asked M.L. whether Mr. Jones would be receiving the children back the next day.  M.L. replied that he would not, and Mr. Jones's wife returned to Mr. Jones.  As M.L. was getting the children buckled into her car, Mr. Jones walked over yelling at her.  She told him to get away from her car and tried to go around the back of it, but Mr. Jones put his hands on her chest and pushed her down, injuring her ankle, elbow, and thumb.

{¶7}     According to Mr. Jones's wife, there were only three parking spaces between the vehicles, allowing her to see M.L.'s actions.  It appeared to Mr. Jones's wife that M.L. grabbed something from behind her driver's seat then ran screaming at Mr. Jones, who was standing behind the car.  As M.L. raised a closed fist at Mr. Jones, Mr. Jones reacted by pushing M.L. away from him.  Mr. Jones also notes that M.L. admitted to law enforcement that she ran up to him and got in his face.

{¶8}     It is within the province of the trier of fact to reconcile inconsistencies in testimony because the finder of fact is present to "view witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *State v. Cook*, 2003-Ohio-727, ¶ 30 (9th Dist.), quoting *Giurbino v. Giurbino*, 89 Ohio App.3d 646, 659 (8th Dist. 1993).  The jury in this case was "free to believe all, part, or none of the testimony of each witness." *Prince v. Jordan*, 2004-Ohio-7184, ¶ 35 (9th Dist.), citing *State v. Jackson*, 86 Ohio App.3d 29, 33 (4th Dist. 1993).  "A conviction is not against the manifest weight

because the jury chose to credit the State's version of events." *State v. Peasley*, 2010-Ohio-4333, ¶ 18 (9th Dist.).

{¶9} Upon review of the record, we cannot say that the jury lost its way when it determined that the State established that Mr. Jones did not act in self-defense. M.L. explained that she approached Mr. Jones because he was standing behind her car and she needed to go around to the other side to finish securing the children in their seats before she could leave. This is not the exceptional case where the evidence weighs heavily against the conviction. *Croghan*, 2019-Ohio-3970 at ¶ 26 (9th Dist.). Mr. Jones's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING THE STATE'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF "PRIOR INCIDENTS OR CIRCUMSTANCES REGARDING THE ALLEGED VICTIM'S CONDUCT," IN VIOLATION OF APPELLANT'S RIGHT TO DUE PROCESS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.

{¶10} In his second assignment of error, Mr. Jones argues that the municipal court incorrectly granted the State's motion to prohibit testimony about any prior incidents or circumstances that related to M.L.'s conduct. "A trial court has broad discretion in determining whether to admit or exclude evidence. Absent an abuse of discretion that materially prejudices a party, the trial court's decision will stand." *Krischbaum v. Dillon*, 58 Ohio St.3d 58, 66 (1991).

{¶11} Following the parties' opening statements, the State moved to exclude evidence of any prior bad acts because they were not disclosed in Mr. Jones's motion for self-defense. Mr. Jones opposed the motion, arguing that he should be allowed to present evidence that would establish his state of mind at the time of the incident. The State agreed that such evidence would ordinarily be admissible but argued that Mr. Jones was required to provide notice. Criminal Rule

12.2 provides that, "[if] a defendant in a criminal case proposes to . . . argue self-defense . . . the defendant shall . . . give notice in writing of such intent." The rule also provides that "[t]he notice shall include specific information as to any prior incidents or circumstances upon which defendant intends to offer evidence related to conduct of the alleged victim . . . ." *Id.* If a defendant does not provide the required notice, "the court may exclude evidence offered by the defendant related to the defense, unless the court determines that in the interest of justice such evidence should be admitted." *Id.* The municipal court granted the State's motion because of Mr. Jones's failure to give notice about prior incidents. Following the court's decision, the State also argued that Mr. Jones's wife should not be allowed to present any evidence about self-defense. The court determined that she could testify about what she saw but could not speculate about Mr. Jones's thoughts, perceptions, or state of mind.

{¶12} Mr. Jones argues that the municipal court incorrectly ruled on the State's motions because he provided a notice of self-defense and a witness list that contained his wife's name. He argues that his wife should have been allowed to testify as to his state of mind and about why he felt that he had to use force in self-defense. He also argues that testimony from his wife about prior incidents would have helped counter the implicit prejudice of testimony that he was only allowed to have supervised visits with the children. The absence of his wife's testimony about past incidents necessarily allowed the jury to infer that he was the aggressor in the situation.

{¶13} Under Evidence Rule 103(A)(2), "[e]rror may not be predicated upon a ruling which . . . excludes evidence unless a substantial right of the party is affected; and . . . the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked." After the municipal court ruled that Mr. Jones could not present evidence about prior acts or his state of mind, Mr. Jones did not make a proffer of what the evidence

would have been. He, therefore, has not preserved his arguments for appeal. *State v. Glick*, 2007-Ohio-4104, ¶ 13 (9th Dist.). Even if the arguments were preserved, because the record does not contain any detail about what his wife's testimony would have established, Mr. Jones has not demonstrated that he was prejudiced by the court's decision. Consequently, we conclude that Mr. Jones has not shown that the municipal court improperly exercised its discretion when it granted the State's motions. Mr. Jones's second assignment of error is overruled.

ASSIGNMENT OF ERROR III

THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING APPELLANT'S OBJECTION AND ALLOWING TESTIMONY FROM M.L. REGARDING THE PARTIES' CUSTODY ORDER AND PURPORTED SUPERVISED VISITS BETWEEN APPELLANT AND THEIR MINOR CHILDREN, IN VIOLATION OF EVID.R. 404(B), APPELLANT'S RIGHT TO DUE PROCESS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.

{¶14} In his third assignment of error, Mr. Jones argues that the municipal court incorrectly overruled his objection to M.L.'s testimony that he was only allowed supervised visits with the children. He argues that the testimony made the jury wonder why there was such a restriction and suggested that he had engaged in behavior that would be consistent with committing domestic violence. He also argues that the State failed to provide reasonable notice that it would be submitting evidence of other acts.

{¶15} The State asked M.L. why she told Mr. Jones's wife that she was not going to return the children to Mr. Jones the following day. M.L. explained that the custody order required Mr. Jones's visits to be supervised and that it had been anticipated that Mr. Jones's wife would be the one providing that supervision. Mr. Jones's wife had an infant of her own, however, as well as other obligations, and had indicated that she might not always be available to supervise the

visits. M.L., therefore, did not want to send the children to Mr. Jones until the situation could be straightened out.

{¶16} Mr. Jones objected to M.L.'s testimony on the basis that he did not have a copy of the custody order. He did not object on the basis that the testimony was other acts evidence or that he did not notice that the State would be submitting other acts evidence. Under Evidence Rule 103(A), "[e]rror may not be predicated upon a ruling which admits . . . evidence unless . . . a timely objection or motion to strike appears of record, stating the specific ground of the objection . . . ." A party may not argue one basis for an objection to the trial court and then raise a different basis on appeal. *State v. Williams*, 2006-Ohio-4720, ¶ 17-18 (9th Dist). Upon review of the record, we conclude that Mr. Jones has forfeited his other acts arguments. *State v. Ammons*, 2022-Ohio-1902, ¶ 42 (9th Dist.). He also has not argued plain error. Mr. Jones's third assignment of error is overruled.

## ASSIGNMENT OF ERROR IV

THE CUMULATIVE EFFECT OF THE TRIAL COURT'S ERRORS DEPRIVED APPELLANT OF A FAIR TRIAL AND VIOLATED APPELLANT'S RIGHT TO DUE PROCESS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.

{¶17} In his fourth assignment of error, Mr. Jones argues that, even if this Court finds that none of the errors he has alleged were prejudicial enough to warrant a reversal of his conviction, the cumulative effect of the errors deprived him of his right to due process and a fair trial. "Under the doctrine of cumulative error, 'a conviction will be reversed when the cumulative effect of errors in a trial deprives a defendant of a fair trial even though each of the numerous instances of trial-court error does not individually constitute cause for reversal.'" *State v. Froman*, 2020-Ohio-4523, ¶ 156, quoting *State v. Powell*, 2012-Ohio-2577, ¶ 223. Because Mr. Jones has not demonstrated

the presence of multiple errors, however, the cumulative error doctrine does not apply to this case. *See State v. Hunter*, 2011-Ohio-6524, ¶ 132. Mr. Jones's fourth assignment of error is overruled.

III.

{¶18} Mr. Jones's assignments of error are overruled. The judgment of the Barberton Municipal Court is affirmed.

Judgment affirmed.

—————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Barberton Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CARR, P. J.
FLAGG LANZINGER, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

BRIAN A. SMITH, Attorney at Law, for Appellant.

JENNIFER A. ROBERTS, Prosecuting Attorney, for Appellee.